Matthew M. Levy, J.
This is a proceeding, invoking article 78 of the Civil Practice Act, in which the petitioner seeks an order directing the Board of Estimate of the City of New York, as the “ head of the New York city employees’ retirement system ” (New York City Charter, § 71), to fix and determine the amount of the accident disability retirement allowance to which the petitioner is entitled, and to direct the payment to the petitioner of all monthly installments of such allowance which have accrued since November 18,1958, the date of his retirement.
The petitioner was a sanitation man employed by the City of New York, and a member of the New York City Employees’ Retirement System. On August 25, 1956, while engaged in the course of his employment, he accidentally fell off a sanitation truck and sustained injuries. On August 21, 1958, he duly filed his application for accident disability retirement. On October 30, the Medical Board of the Retirement System duly certified that he was physically incapacitated for further duty and should be retired. On November 18, he ceased receiving his regular pay as a city employee. On December 18, the Board of Estimate duly adopted a resolution retiring the petitioner for accidental disability, effective November 19, 1958, subject to later fixation of the amount of his disability retirement allowance. In March, *23 1959, the petitioner began (and has continued) to receive, at the monthly rate of $100.11, partial payments from the Retirement System on account of his disability retirement allowance. Asserting that, actuarially, his allowance should be $3,479 annually, the petitioner demanded, in August, 1959, that the respondent determine the amount of his allowance accordingly, as required by section B3-44.0 of the Administrative Code of the City of New York. The respondent admits that it is its statutory duty to fix such allowance, but has refused to do so up to now, on the ground that the Administrative Code, by subdivision b of section B3-45.0, requires that the petitioner first pursue his claim under the Workmen’s Compensation Law, and that the petitioner has failed so to do.
Section B3-44.0 of the Administrative Code, relied upon by the petitioner, reads:
‘ ‘ § B3-44.0 Retirement allowances; for accident disability. — Upon retirement for accident disability, a member shall receive a retirement allowance which shall consist of:
‘ ‘ 1. An annuity, which shall be the actuarial equivalent of his accumulated deductions at the time of his retirement; and
“ 2. A pension, in addition to the annuity, of three-quarters of his final compensation.”
Certainly, there are no “ ifs or huts ” contained in this section. In opposition to the application, the respondent relies upon subdivision b of section B3-45.0, which reads as follows:
‘ ‘ § B3-45.0 Retirement allowances; restrictions on. * * *
“ b. If an amount which is payable throughout a period under the provisions of the workmen’s compensation law equals or exceeds the amounts otherwise payable during the same period out of the moneys provided or to be provided by the city under the provisions of this title [New York City Employees’ Retirement System] on account of the same disability of the same person, no payment shall be made to such person under the provisions of this title during such period nor thereafter, until the total amount of such omitted payments, together with the regular interest which they would have accumulated, equals the amount paid under the workmen’s compensation law, together with the regular interest which it would have accumulated. If an amount which is payable throughout a period under the provisions of the workmen’s compensation law be a percentage less than one hundred per cent of the amounts otherwise payable during the same period out of moneys provided or to be provided by the city under the provisions of this title on account of the same disability of the same person, there shall be paid during such period as it becomes due under the provisions of *24 this title, in lieu of each amount otherwise payable, the percentage thereof which is the difference between such lesser per cent and one hundred per cent.”
The respondent contends that granting this application would, in effect, be compelling the Retirement System to pay the petitioner what he should receive from the City of New York by way of workmen’s compensation, and that this is forbidden by statute. The respondent reasons thus: section B3-45.0 pro-
vides that any workmen’s compensation benefits paid on account of the same disability are deductible from the amount of the accident disability retirement allowance. The petitioner’s allowance cannot therefore properly be fixed until such time as the Workmen’s Compensation Board makes a final determination as to the petitioner’s rights under the Workmen’s Compensation Law, which it has not done because of the petitioner’s refusal to pursue his claim under that law.
As I see it, the fallacies in the respondent’s submission are these: First, as a matter of law, that the statute does not compel the employee to invoke or exhaust his remedies under the Workmen’s Compensation Law before he would be entitled to the fixation and payment of his disability retirement allowance ; and second, as a matter of fact, that, if the statute should be so construed, the petitioner (as will hereinafter be shown) has duly pursued his remedies before the Workmen’s Compensation Board.
By its terms, section B3-45.0 of the Administrative Code, without doubt, precludes dual payments for the same accidental injury. The language of the statute to that effect is clear. And if, by prior or subsequent final determination of the Workmen’s Compensation Board, compensation is directed to be paid by the employer, the amount thereof is deductible by the Retirement System from its periodic payments of the determined accident disability retirement allowance. But the statute as worded cannot be stretched to encompass the legal requirement that a member of the Retirement System must first invoke his remedies under the Workmen’s Compensation Law as a condition precedent to the fixation and consequent payment of his disability retirement allowance. If that were the legislative purpose, appropriate language expressing that intent would not have been difficult to unearth. In holding, as I have, that the statute does not compel the employee to seek what benefits are available to him at the hands of the Workmen’s Compensation Board before being entitled to receive his allowance from the Employees’ Retirement System, I need not engage in seeking to resolve the question whether a legislative enactment to the contrary
*25 might (at least in respect of those who were members of the Retirement System prior to such enactment) run counter to the constitutional provision that ‘ ‘ membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” (N. Y. Const., art. V, § 7.)
The respondent urges further that, were the petitioner granted the relief he seeks, a serious fiscal problem would thereby be created for the Retirement System, in that, in effect, the system would be required to use its funds for the payment of workmen’s compensation, which should be paid by the appropriate exchequer of the City of New York. In my view, this contention is devoid of merit, at least so far as the issue before the court is concerned. That circumstance, even were it the fact, cannot be a judicial basis for the deprivation of the petitioner’s rights. As stated in Birnbaum v. New York State Teachers Retirement System (5 N Y 2d 1, 12): “ [i]f bankruptcy now threatens to overtake the Teachers Retirement System, the system must turn to the Legislature for financial assistance. It may not ask us to ignore the will of the people as expressed in their Constitution.”
But, in the case at bar, I find that the petitioner did in fact invoke his remedies under the Workmen’s Compensation Law, and the question is whether he must pursue them ad infinitum. It appears that, shortly after the accident, the petitioner applied for workmen’s compensation. His employer, the City of New York, was duly cited. On December 26, 1956, the Workmen’s Compensation Board awarded the petitioner compensation at the rate of $36 a week for a period of three weeks and decided: “ Case was continued; accident notice and causal relation established, no further disability.” In a second decision, dated December 10, 1957, the board ruled: “ Case was closed. No medical evidence of disability subsequent to 10/8/56 ”. The petitioner was advised by the Retirement System that, before his full retirement allowance could be paid, he ought first apply to the Compensation Board to have his claim there reopened. In August, 1958, the petitioner did apply to reopen his claim before the Workmen’s Compensation Board, and, in support of his application, submitted statements of two doctors. The matter came on for a hearing before the Compensation Board on June 9, 1959, and was adjourned sine die for the submission of further medical proof. No further medical evidence was forthcoming from either side. Thereupon the petitioner requested the board to fix an early date for a hearing and to make its decision on the basis of the medical proof already presented. *26 A hearing was held on July 30, 1959, and, on August 7, 1959, the Workmen’s Compensation Board handed down its third ■decision in the case. That holding was that the “ [c]ase was closed on previous award ”.
Thus, the petitioner’s claim has been denied on three previous occasions by the Workmen’s Compensation Board. To require him to make further application there, would, as I see it, serve no useful purpose, when, as he states, he has no further evidence to produce. Nor do I conceive it to be his duty, as a sine qua non to action by the respondent, to present any particular kind of evidence, as the respondent urges he must. The respondent— the Board of Estimate — is not only the head of the New York City Employees’ Retirement System; it is also in effect the governing body of the City of New York and generally is entitled and duty-bound to “ exercise all the powers vested in the city ” (New York City Charter, § 70). As such, it is the petitioner’s employer, and as such it must make a report in writing to the Workmen’s Compensation Board within 10 days after the occurrence of a more or less serious accident resulting in personal injury (Workmen’s Compensation Law, § 110) and it may present evidence and be represented by counsel before the board (Workmen’s Compensation Law, § 20). By that method the compensation of the petitioner as an injured workman can be fixed in that forum (cf. Meaney v. Keating, 305 N. Y. 660), and thus deducted from Ms allowance as a retired employee.
“ The power and jurisdiction of the [Workmen’s Compensation] board over each case shall [generally] be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just ” (Workmen’s Compensation Law, § 123). When, then, is there a final, ultimate exhaustion? Moreover, were the petitioner compelled to exhaust his remedies under the Workmen’s Compensation Law before being entitled to obtain the accident disability retirement benefits provided by the Administrative Code, that would, I tMnk, envisage the holding that if the Workmen’s Compensation Board were to have denied the petitioner any or adequate relief, then (in order that it can be said that he has truly exhausted such remedies) he must first take an appeal from the adverse decision to the Appellate Division as in the law provided (Workmen’s Compensation Law, § 23) and perhaps endeavor to prosecute an appeal to the Court of Appeals. Certainly, consistency and logic in the respondent’s argument would seem so to require. And that, in my view, renders barren the basis for the argument: the statute does not so read, either in respect *27 of hearing proceedings before the board or as to appellate procedures thereafter.
The petition is granted and the respondent is directed forthwith to fix and determine the amount of petitioner’s accident disability retirement allowance and to make payment of the accrued amount to date, giving the Retirement System credit, of course, for any payments already made to the petitioner by the System or under the Workmen’s Compensation Law, and without prejudice to any further deductions by the respondent from such allowance in the event that the Workmen’s Compensation Board determines that the petitioner is entitled to any future payments under that law.